UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOREEN L., | |
| Plaintiff, | CASE NO. C18-1439-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner partially denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1956.[2] She has a college degree and some graduate school

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

coursework, and has worked as a bookkeeper, office manager, and stock clerk. (AR 46, 69-70.)

Plaintiff applied for DIB in November 2012. (AR 180-86.) That application was denied and Plaintiff timely requested a hearing. (AR 120-28, 130-38.)

On September 18, 2014, ALJ Tom Morris held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 36-79.) On October 31, 2014, the ALJ issued a decision finding Plaintiff not disabled. (AR 12-27.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 11, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded the matter for further administrative proceedings. (AR 1153-65.) The ALJ held another hearing on October 5, 2017 (AR 1091-1142), and on May 31, 2018, issued a decision finding Plaintiff not disabled before June 3, 2014, but became disabled beginning on that date. (AR 1061-81.) Plaintiff now seeks judicial review of that decision.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 1064.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's fibromyalgia, possible mild reflex sympathetic dystrophy of the left lower extremity, right knee osteoarthritis, right ankle arthritis with chronic ligament tears, posterior subluxation of

the tibia with respect to the talar dome, and anterior tibiotalar joint loose bodies, left foot arthritis and capsular thickening at the talonavicular joint, and obesity. (AR 1064-70.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 1070.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that, before June 3, 2014, Plaintiff was capable of performing sedentary work, with the following additional limitations: she could lift and carry 10 pounds occasionally and frequently, stand and/or walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday. She could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She could never climb ladders, ropes, or scaffolds. She needed to avoid concentrated exposure to pulmonary irritants. She was not able to perform at a production rate pace, but could perform goal-oriented work where she has more control over the pace. She may have been off-task up to 10% over the course of an eight-hour workday. (AR 1070). Beginning on June 3, 2014, Plaintiff had the same RFC as above, plus the need for a wheelchair and the need to keep her left foot elevated. (AR 1078.)

With those assessments, the ALJ found that before June 3, 2014, Plaintiff could perform her past relevant work as a bookkeeper and budget accountant. (AR 1079-80.) Beginning on June 3, 2014, Plaintiff could neither perform her past relevant work, nor transition to other work that exists in significant numbers in the national economy, and was therefore disabled. (AR 1080-81.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing (1) her subjective testimony related to her use of a wheelchair before the disability onset date, as well as her need for supplemental oxygen, and (2) two medical opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Subjective symptom testimony

The ALJ discounted Plaintiff's testimony related to her need for an assistive device during the period before June 3, 2014, noting that the record did not contain a prescription for a wheelchair until June 3, 2014, and that although Plaintiff had been prescribed a walker in July 2012, she testified that she did not regularly use it. (AR 1073 (referencing AR 54).) The ALJ also noted that two treatment notes in 2011 and 2012 suggested that Plaintiff did not use an assistive device at those times. (AR 1073 (citing AR 497, 639-41).) The ALJ also cited records showing that Plaintiff was "consistently neurologically intact with normal gait, strength, power, coordination, and motor function[,]" even though she had reported that she was not standing much. (AR 1073 (citing AR 719-20, 723, 727, 731, 735, 878, 983).)

The ALJ also discounted Plaintiff's allegation that her portable supplemental oxygen was medically necessary, referencing records showing that neither asthma nor chronic obstructive pulmonary disease were medically determinable impairments, that her treating pulmonologists opined that Plaintiff did not require supplemental oxygen, and that one of her physicians doubted

whether she had lung disease whatsoever. (AR 1072.) Plaintiff argues that these reasons to discount her testimony are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ did not err in discounting Plaintiff's allegations related to her need for supplemental oxygen, based on contrary medical evidence. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ's reasoning with regard to her need for a wheelchair is problematic, however. Although the ALJ accurately noted that Plaintiff was not prescribed a wheelchair until June 2014, there is no evidence indicating that she did not require one earlier and nothing about the prescription suggests that Plaintiff's need for a wheelchair developed suddenly. (AR 997-99, 1615.) The ALJ's finding that Plaintiff did not require a wheelchair until June 2014 therefore appears arbitrary and unsupported by substantial evidence. A determination of the date on which Plaintiff's wheelchair became medically necessary requires further development of the record on remand to obtain medical testimony on the issue, either from a treating physician or a medical expert. The further development of the record on remand will also impact the ALJ's treatment of the two disputed medical opinions, written by Norman Staley, M.D., and Chris Lawrence, M.D., both of which pertain to Plaintiff's need for a wheelchair and/or her ability to walk, and therefore the Court need not address the ALJ's assessment of those opinions at this time.

/ / /

/ / /

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

# CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 18th day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge